# Joseph Bennett & Co., plaintiffs in error, *vs.* James Davis, defendant in error.

### *Error to Muscatine.*

A bill of exceptions filed after the writ of error will not be rejected if it was regularly taken, and there is nothing to show that it was taken and signed subsequent to the date of the writ.

The writ of error only brings up the errors existing at the time of its date.

The bill of exceptions is part of the record from the time it is taken.

A statement in a bill of exceptions, that a certain order is made part of the bill, does not make it so.

Bills of exceptions should show affirmatively that the court below has committed an error.

This was an action of assumpsit, commenced before a justice of the peace, upon three promissory notes.   The defendant pleaded payment by an order drawn on D. J. Snyder for $31,10.   Judgment was rendered for the plaintiffs for thirty dollars and twenty-nine cents, and the cause removed to the District Court by certiorari.   A trial was had and a verdict rendered for the defendant.

On the trial the defendant offered in evidence the order on file, which is alluded to, but not embodied in the bill of exceptions, but which from the record appears to be in the following words:

" D. J. SNYDER, Esq.—Sir, you will please pay to J. Bennet & Co. thirty-one dollars and ten cents, out of the first moneys you collect for me out of the moneys due me on the District Court docket of Muscatine county, not otherwise appropriated, and I will receipt to you for the same on the docket.

" Bloomington, October 24, 1842.          " JAMES DAVIS.
Endorsed, " Accepted, Oct. 28th 1842.       " D. J. SNYDER."

Together with testimony tending to prove that the order was taken

by plaintiffs on account of the notes in suit. And on the part of the plaintiffs it was shown that the order was tendered back to defendant on the trial before the magistrate and placed with him for defendant.— Upon this evidence the plaintiffs counsel requested the court to charge the jury that plaintiffs were entitled to recover on the notes. But the court declined thus to charge, without charging at the same time that the plaintiffs were bound to return the order in a reasonable time, and that the jury were to judge of that. To which the plaintiffs excepted.

Also upon the trial and while the plaintiffs counsel was making the opening argument to the jury they moved the court for leave to introduce the testimony of Arthur Washburn, to prove that the order above referred to, was tendered to defendant without delay, and before the commencement of the suit, which was overruled by the court. To which the plaintiff excepted.

The case was removed to this court by writ of error.

HASTINGS, counsel for defendant in error, moved the court to strike from the bill of exceptions, the first exception alleged to have been taken therein.

1. Because the testimony is not recited therein.

2. Because the bill does not allege that the testimony alluded to, was the whole testimony in relation to the notes and orders, on the trial of this cause.

3. An order is alluded to in said exceptions and was not set out.

And the said defendant moved to strike the whole bill of exceptions from the record, because it appeared from the statement of the Hon. Joseph Williams, Judge of the 2nd judicial district, before whom this cause was tried, that the said bill of exceptions was allowed after the term of the court at which this case was tried.

THE COURT.—A motion is made in this case to reject the bill of exceptions, on the ground that it was filed after the writ of error was sued out. The writ of error is dated the 25th day of December, and the bill of exceptions filed on the 29th of the same month. If there were anything to show that the exceptions had been taken and the bill signed on the day last mentioned, it ought to be rejected. The writ of error only brings up the errors existing at the time of its date.

But our statute declares that the bill of exceptions from the time it is signed and sealed shall become a part of the record. It is not requisite for this purpose that it should be formally filed with the clerk. The

bill of exceptions in this case seems to have been regularly taken and signed. At least there is nothing to contradict such a conclusion. I: comes up as a part of the record and therefore ought not to be rejected.

Motion overruled.

Errors assigned :

1. The court erred in declining to charge the jury the particular matter asked for by plaintiffs counsel.

2. In overruling the motion of plaintiffs counsel for leave to introduce the testimony of Arthur Washburn.

3. In not swearing the jury well and truly to try the issue joined between the parties, and a true verdict render according to the law and the evidence given therein.

4. In rendering judgment in this case.

5. In overruling plaintiffs motion for a new trial.

MATTOON, for plaintiff in error.

HASTINGS, for defendant in error.

PER CURIAM, MASON, CHIEF JUSTICE.—The first and principal matter relied on as error in this case, is the refusal of the court to charge as set out in the bill of exceptions, which reads as follows :

" Be it remembered, that on the trial of this cause at the present term of this court, the defendant offered in evidence the order on file, (which is made part of this bill) together with testimony tending to prove that the order was taken by plaintiffs on account of the notes in suit. And on the part of the plaintiffs it was shown that the order was tendered back to defendant on the trial of this cause before the magistrate, and placed with him for defendant. Upon this evidence the plaintiffs counsel requested the court to charge the jury that plaintiffs were entitled to recover on the notes, but the court declined thus to charge without charging at the same time that the plaintiff was bound to return the order in a reasonable time, and that the jury were to judge of that."

There is certainly not enough set forth here to show error on the part of the court. The nature and amount of the order here referred to, no where sufficiently appears. It is true that among the papers of the case is the copy of an order, that seems to tally with that here referred to, but there is no evidence to show that it is the same. The statement in the bill of exceptions that this order is made a part of the said bill does not make it so.

But again, the bill of exceptions states that certain facts were proved,

but does not state that other and different facts were not also proved. We certainly cannot say that the court below erred in its charge while we are ignorant of the entire basis upon which that charge was founded. Probably, it is true, the facts set forth in the bill of exceptions are all that were proved, bearing upon the point under consideration, but we cannot say that such was the case. Counsel have the right to draw up bills of exceptions and if they embody only truths, the court is required to sign them, and they then become a part of the record. As a matter of justice then, such bills of exceptions should be required to make out a complete case and show affirmatively that the court below had committed an error. Such is not the case in the present instance. We need not therefore determine whether the position taken by the counsel for the plaintiff in error on the point raised and stated by him, is or is not tenable. It is not properly raised.

The answer to the other points made, is so evident as not to call for further consideration or comment.

Judgment affirmed.